FILED - GR
December 30, 2009 12:06 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: EC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JESSE WILLIAM WATERS,

    Defendant.
_____/

No. **1:09-cr-385**

Hon. **Robert Holmes Bell**
**U.S. District Judge**

**INDICTMENT**

The Grand Jury charges:

## INTRODUCTION

At all times pertinent hereto, the following relevant facts were true:

1.    In or about April 1999, Marie Jeanette Mason and Frank Brian Ambrose became acquainted and commenced a personal and ongoing relationship. Both Mason and Ambrose were committed to environmentalist causes and were, or shortly thereafter became, actively engaged in lawful public advocacy against activities they perceived as being harmful to the environment. By late 1999, however, both Mason and Ambrose had begun to engage in acts of vandalism and property destruction in support of those causes and to affiliate themselves with an organization known as the "Earth Liberation Front," or "ELF."

2.    The ELF was, and remains, a loosely organized movement of individuals who are committed to the eradication of commercial, research, and other activities that its adherents consider harmful to the natural environment. ELF espouses a philosophy of what its adherents refer to as "direct action," a term that denotes acts of politically-motivated violence designed to force segments of society, including the general civilian population, private business, and

government, to change their attitudes about environmental issues and/or to cease activities considered by the movement to have a negative impact on the natural environment.

3. ELF direct actions include acts that violate the criminal laws of the United States or of individual States and that are dangerous to human life. ELF adherents carry out such direct actions in order to intimidate or coerce civilian populations and/or to influence the policy of government through such means. Arson is one of the most frequently employed forms of ELF direct action.

4. ELF maintains and operates a website on the Internet for purposes that include advocating its views, promulgating direct action techniques and providing instruction on construction of incendiary devices, and publicizing direct actions carried out by its adherents against specific targets. Over time, such targets have included new-home and commercial property construction sites; construction and logging equipment; and locations where plant and animal genetic research are conducted.

5. Defendant became acquainted with Marie Mason and Frank Ambrose during the Summer of 1999 in Detroit, Michigan, and subsequently participated with them in acts of property destruction in Seattle, Washington, on or about November 30, 1999, during the civil unrest that coincided with World Trade Organization (WTO) meetings that were being held there. Defendant, Ambrose, and Mason engaged in this conduct because they believed that the WTO was an organization whose activities were harmful to the natural environment.

6. The Grand Jury incorporates into Count 1, specifically and by reference and as if stated therein, the allegations and assertions stated in the Introduction.

## COUNT 1
(Conspiracy To Commit Arson)

Between on or about December 31, 1999, and January 2, 2000, in the Southern Division of the Western District of Michigan, the Defendant,

JESSE WILLIAM WATERS,

did unlawfully, willfully, and knowingly conspire, confederate and agree with Marie Jeanette Mason, Frank Brian Ambrose, and other persons known to the Grand Jury, to maliciously damage and destroy, by means of fire, personal property used in interstate commerce and in an activity affecting interstate commerce, to wit, commercial lumbering equipment consisting of a "John Deere" brand Hydro-Ax Shear and a commercial flatbed trailer.

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the participants to influence and affect the conduct of government, commerce, private business and others in the civilian population by means of force, violence, intimidation, and coercion. To achieve these purposes, the Defendant committed an act of arson that violated the criminal laws of the United States.

## OVERT ACTS

In furtherance of the conspiracy, and to effect its objects, at least one of the following overt acts was committed in the Western District of Michigan by a member of the conspiracy.

1. On or about January 1, 2000, Defendant, Mason, Ambrose, and other persons known to the Grand Jury observed commercial logging equipment that included a "John Deere" brand Hydro-Ax Shear and a commercial flatbed trailer parked off to the side of a road in or near Mesick, Michigan. The group decided to destroy the equipment by fire and drove to a nearby gas

station and convenience store to purchase materials with which to burn the equipment. While Ambrose pumped gasoline into a container, Mason, along with two other persons known to the Grand Jury, entered the store and purchased charcoal, firewood, and matches.

2. The group then returned to the logging equipment and, using the flammable materials just purchased, Defendant and Ambrose set fire to it. Using black spray-paint, Mason and another person known to the Grand Jury painted the letters "ELF" and the words "Log in Hell" and "Go Log in Hell" on the flatbed trailer. The resulting fire caused property damage of approximately $18,000.

3. The Grand Jury incorporates by reference the allegations contained in Count 2 of this Indictment as though fully set forth herein.

18 U.S.C. § 844(n)
18 U.S.C. § 844 (i)

## COUNT 2
(Arson)

On or about January 1, 2000, in Wexford County, in the Southern Division of the Western District of Michigan, the Defendant,

JESSE WILLIAM WATERS,

along with Marie Jeanette Mason, Frank Brian Ambrose, and other persons known to the Grand Jury, did maliciously damage and attempt to destroy, by means of fire, and aided and abetted such malicious damage and attempt to destroy by means of fire, personal property used in interstate commerce and in an activity affecting interstate commerce, to wit, commercial lumbering equipment consisting of a "John Deere" brand Hydro-Ax Shear and a commercial flatbed trailer.

18 U.S.C. § 844(i)
18 U.S.C. § 2

A TRUE BILL

_____
GRAND JURY FOREPERSON

DONALD A. DAVIS
United States Attorney

_____
HAGEN WALTER FRANK
Assistant United States Attorney

5